IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| LUIS CAGUNGUN,<br><br>    Plaintiff,<br>v.<br><br>SAFECO INS. CO. OF ILLINOIS,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S [17] COMBINED MOTION AND DENYING [16] DISCOVERY MOTION<br><br>Case No. 1:24-cv-00047-CMR<br><br>Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to the undersigned conducting all proceedings, including entry of final judgment (ECF 9). 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Defendant Safeco Insurance Company of Illinois's (Defendant or Safeco) Motion to Dismiss (claims 2 & 3), Motion to Compel Arbitration (claim 1), and/or Motion to Stay (Combined Motion) (ECF 17) regarding the claims asserted in Plaintiff Luis Cagungun's (Plaintiff or Mr. Cagungun) Complaint (ECF 2-1). Also before the court is Defendant's related Motion to Stay Discovery (Discovery Motion) (ECF 16). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter on the written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court GRANTS the Combined Motion and DENIES the Discovery Motion as moot.

### I.  BACKGROUND

Plaintiff was involved in a motor vehicle accident with an underinsured driver whose insurer settled the bodily injury portion of Plaintiff's damages for the $25,000 policy limit (ECF 2-1 ¶¶ 6, 16). On June 1, 2023, Plaintiff made a demand to Safeco for the underinsured motorist

(UIM) policy limits under his own insurance policy (*id.* ¶ 20).[1] Safeco responded on June 26, 2023, declining to offer additional compensation (*id.* ¶ 21). Safeco then re-evaluated Plaintiff's claim, and on November 10, 2023, again declined to provide further compensation (*id.* ¶ 23).

Plaintiff's Complaint asserts the following three causes of action against Safeco: (1) Breach of contract; (2) Breach of good faith and fair dealing; and (3) Relief under Utah Code Ann. § 31A-22-305.3 (the UIM Statute) (ECF 2 at 7–12). In the Combined Motion, Safeco asks the court to dismiss the Second and Third Causes of Action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (ECF 17 at 2). Safeco also asks the court to compel arbitration of the First Cause of Action pursuant to the UIM Statute (*id.* at 3). Finally, Safeco asks the court to stay any surviving claims pending arbitration (*id.*). Safeco's Discovery Motion requests a stay of discovery pending resolution of the Combined Motion (ECF 16).

## II.   DISCUSSION

### A.   Motion to Compel Arbitration

In the Combined Motion, Defendant requests that this court compel arbitration of Plaintiff's First Cause of Action for breach of contract under to the UIM Statute, referring to this claim as the "UIM claim" (ECF 17 at 16). The Federal Arbitration Act (FAA) permits a "party aggrieved by the . . . refusal of another to arbitrate" to petition a federal district court for an order compelling arbitration in the manner provided in the agreement and staying the litigation until such arbitration has been held. 9 U.S.C. §§ 2–4. However, in diversity cases as is the present matter, "the law to be applied in any case is the law of the state," meaning Utah law applies to the present

---

[1] "Underinsured motorist coverage is insurance provided by the insured's own auto insurance provider." *Halversen v. Allstate Prop. & Cas. Ins. Co.*, 493 P.3d 693, 694 (Utah Ct. App. 2021) (citing Utah Code Ann. § 31A-22-305.3(1)(b)(i), (2)(a)). "The purpose of UIM coverage is to provide a source of indemnification for accident victims when the tortfeasor does not have adequate coverage." *Id.* (quoting *State Farm Mutual Auto. Ins. Co. v. Green*, 89 P.3d 97 (Utah 2003)).

case. *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1216–17 (10th Cir. 2011) (quoting *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)).

The Utah Uniform Arbitration Act (UUAA) "governs arbitrations under Utah law." *DevIntent LLC v. HeroDevs, LLC*, No. 2:22-CV-00698-RJS, 2022 WL 17690152, at *3 (D. Utah Dec. 15, 2022) (citing Utah Code Ann. §§ 78B-11-101–131).[2] "It is the policy of the law in Utah to interpret contracts in favor of arbitration . . . [and] encourag[e] extrajudicial resolution of disputes when the parties have agreed not to litigate." *Id.* (quoting *Cent. Fla. Invs., Inc. v. Parkwest Assocs.*, 40 P.3d 599, 606 (Utah 2002)). In ruling on a motion to compel arbitration, this court shall "proceed summarily to decide the issue and order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate." *Id.* (quoting Utah Code Ann. § 78B-11-108(1)(b)). "If the court orders arbitration, the court on just terms shall stay any judicial proceeding that involves a claim subject to the arbitration." *Id.* (quoting Utah Code Ann. § 78B-11-108(7)).

Here, as an initial matter, the court notes that Plaintiff does not dispute the existence of an enforceable agreement to arbitrate between the parties. Plaintiff's Complaint seeks "all the relief available" in the UIM Statute (ECF 2-1 ¶ 38). This court has previously enforced the UIM Statute, including its arbitration provision. *See, e.g.*, *Brown v. Nationwide Ins. Co.*, No. 2:21-CV-00126, 2021 WL 4060944, at *1 (D. Utah Sept. 7, 2021), *aff'd,* No. 21-4122, 2023 WL 4174064 (10th Cir. June 26, 2023). The UIM Statute provides "the procedures for asserting a claim against a

---

[2] This court has previously recognized that application of the UUAA is appropriate where parties have agreed that Utah law applies. *Feacher v. Hanley*, No. 2:13-CV-92-EJF, 2014 WL 119382, at *2 (D. Utah Jan. 13, 2014) ("Although Defendants filed this Motion citing the Federal Arbitration Act ('FAA'), the Contract at issue states that Utah law applies[.]"). "While the FAA preempts application of state laws which render arbitration agreements unenforceable, it does not follow, however, that the federal law has preclusive effect in a case where the parties have chosen in their arbitration agreement to abide by state rules." *Roberts v. Cent. Refrigerated Serv.*, 27 F. Supp. 3d 1256, 1260 (D. Utah 2014) (quoting *Volt Information Sciences v. Board of Trustees of Leland Stanford University*, 489 U.S. 468, 472 (1989)). "Interpreting a choice-of-law clause to make state rules governing arbitration applicable does not offend the rule of liberal construction nor does it offend any other FAA policy." *Id.* "There is no language in the FAA that explicitly preempts the enforcement of state arbitration statutes." *Id.* (quoting *Palcko v. Airborne Express, Inc.*, 372 F.3d 588, 595 (3d Cir. 2004)).

3

covered person's underinsured motorist carrier." *Brown v. Nationwide Ins. Co.*, No. 21-4122, 2023 WL 4174064, at *6 (10th Cir. June 26, 2023) (citing Utah Code Ann. § 305.3(8)–(9)). The UIM Statute "allows a claimant to submit their claim to arbitration or to resolve it through litigation." *Id.* (citing Utah Code Ann. § 305.3(8)(a)). Plaintiff's insurance policy with Safeco states that "[e]ither party may make a written demand for arbitration" if Safeco and Plaintiff disagree "as to the amount of damages" that Plaintiff is entitled to recover from the underinsured motorist (ECF 17 at 17; ECF 17-2 at 70).[3] Safeco has made several written demands for arbitration to Plaintiff, which Plaintiff has refused (ECF 17 at 7). It therefore appears appropriate to summarily order the parties to arbitrate the First Cause of Action under the UIM Statute.

Plaintiff's main argument against arbitration is that Safeco has waived its right to arbitration (ECF 19 at 2–3).[4] The court notes there is a "strong presumption against waiver of the right to arbitrate." *Cent. Fla. Invs. Inc. v. Parkwest Assocs.*, 40 P.3d 599, 608 (Utah 2002) (citing *Chandler v. Blue Cross Blue Shield*, 833 P.2d 356, 358 (Utah 1992)). A court may infer that a party waived arbitration only if "the facts demonstrate that the party . . . intended to disregard its

---

[3] Plaintiff objects to Defendant's reliance on documents outside of the Complaint, specifically Plaintiff's demand to Safeco, and asks the court to convert the instant Motion to a motion for summary judgment (ECF 19 at 4). "Generally, the sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). However, "[a] district court may . . . consider documents attached to or referenced in the complaint . . . ." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)). Even "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *Zevallos v. Allstate Prop. & Cas. Co.*, 776 F. App'x 559, 561 n.1 (10th Cir. 2019) (quoting *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997)). Plaintiff refers to his insurance policy with Safeco multiple times in the Complaint (ECF 2-1 ¶¶ 19, 28, 30, 34). The court considers the policy to be central to Plaintiff's claims and will therefore consider it without converting the Motion to a summary judgment motion.

[4] Plaintiff also argues that the right to appeal the arbitration award makes the arbitration nonbinding and would therefore "cause significant expense and extensive, unnecessary delay" (ECF 19 at 14–15). As noted by Safeco, this argument is misplaced because the UIM Statute refers to "binding arbitration" as final unless the arbitration award is procured by corruption, fraud, or other undue means or a party requests a trial de novo within twenty days. Utah Code Ann. § 31A-22-305.3(8)(a)–(e), (p). Regardless of whether a party makes this request, the purpose of arbitration is to be more efficient and less costly alternative to litigation.

right to arbitrate." *Cedar Surgery Ctr., L.L.C. v. Bonelli*, 96 P.3d 911, 914 (Utah 2004) (quoting *Cent. Fla.*, 40 P.3d at 608). The party arguing waiver must show (1) the party seeking arbitration "substantially participated in the underlying litigation to a point inconsistent with the intent to arbitrate"; and (2) "this participation resulted in prejudice to the opposing party." *Id.* (citing *Chandler*, 833 P.2d at 358).

Here, Plaintiff argues Safeco waived the right to arbitrate by removing this case to federal court, participating in an attorney planning meeting report, and filing a scheduling order (ECF 19 at 2–3). Safeco responds there is no waiver because it consistently expressed intent to arbitrate, "engaged merely in complying with immediate deadlines," and "timely moved to compel arbitration . . . without participating in any discovery or substantive litigation" after failed settlement attempts (ECF 24 at 8). Safeco further argues there is no prejudice to Plaintiff because Safeco has not yet conducted any discovery (*id.* at 9–10).

Under these circumstances, the court declines to infer that Safeco waived the right to arbitration. The facts do not support that Safeco intended to disregard its right to arbitrate. Rather, Safeco consistently expressed its intent to arbitrate in its communications with Plaintiff and its filings with the court. Further, the court does not find that Safeco's filing of the instant Motion or participation in the scheduling procedures of this court constitute substantial participation in litigation. "Because participation in litigation brought by the opposing party is required by the rules of procedure, limited participation does not conclusively establish an intent to litigate." *Cent. Fla.*, 40 P.3d at 610. Safeco's limited participation in the litigation did not result in prejudice to Plaintiff where the parties have not yet conducted discovery or motion practice apart from the instant Motion. The court therefore concludes that Safeco did not waive the right to arbitration.

Accordingly, the court GRANTS the Combined Motion as to Safeco's request to compel arbitration of the First Cause of Action for breach of contract under the UIM Statute.

**B.     Motion to Dismiss**

In diversity cases, this court "must apply state substantive law and federal procedural law." *Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1162 (10th Cir. 2017) (citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 434–35 (1996)); *see also Arnstein v. Sundance Holdings Grp., LLC*, No. 2:24-CV-00344-RJS-DAO, 2024 WL 4882857, at *3 (D. Utah Nov. 25, 2024). While Utah substantive law thus governs Plaintiff's causes of action in this case, *see Doe v. Nevada Crossing, Inc.*, 920 F. Supp. 164, 166 (D. Utah 1996), this court applies federal pleading standards in evaluating a motion to dismiss, *see Adams v. C3 Pipeline Constr. Inc.*, 30 F.4th 943, 972 n.13 (10th Cir. 2021).

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A pleading that contains "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" is insufficient. *Id.* A pleading that offers "labels and conclusions," consists of "a formulaic recitation of a cause of action's elements," or tenders "naked assertion[s]" devoid of "further factual enhancement" is also insufficient. *Twombly*, 550 U.S. at 555–557. Plaintiff "must offer specific factual allegations to support each claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

1. <u>Third Cause of Action</u>

In the Combined Motion, Defendant argues Plaintiff's Third Cause of Action is subject to dismissal because the UIM Statute does not create an independent cause of action (ECF 17 at 3). In response, Plaintiff concedes dismissal of this claim provided that the rights outlined in the UIM Statute are applied to the First Cause of Action for breach of contract (ECF 19 at 11–12). In light of Plaintiff's concession, the court GRANTS Defendant's request for dismissal of the Third Cause of Action for relief under the UIM Statute and dismisses this claim with prejudice.

2. <u>Second Cause of Action</u>

Safeco seeks dismissal of Plaintiff's Second Cause of Action for breach of good faith and fair dealing under Rule 12(b)(6) because Plaintiff fails to allege sufficient facts to support a reasonable inference of bad faith (ECF 17 at 9). "As a general rule, 'every contract is subject to an implied covenant of good faith.'" *Brown v. Moore*, 973 P.2d 950, 954 (Utah 1998) (quoting *Brehany v. Nordstrom, Inc.*, 812 P.2d 49, 55 (Utah 1991)). In the context of first-party insurance contracts, the "implied obligation of good faith performance contemplates, at the very least, that the insurer will diligently investigate the facts to enable it to determine whether a claim is valid, will fairly evaluate the claim, and will thereafter act promptly and reasonably in rejecting or settling the claim." *Beck v. Farmers Ins. Exch.*, 701 P.2d 795, 801 (Utah 1985). "If a claim brought by an insured against an insurer is fairly debatable, failure to comply with the insured's demands cannot form the basis of bad faith." *Saleh v. Farmers Ins. Exchange*, 133 P.3d 428, 435 (Utah 2006) (citing *Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 535 (Utah 2002)). Fairly debatable means "open to dispute or question." *Prince*, 56 P.3d at 535 (quoting Couch on Insurance 3d § 204:28). When the insured's claim is fairly debatable, "the insurer is entitled to debate it and cannot

be held to have breached the implied covenant if it chooses to do so." *Id.* at 533–34 (quoting *Morris v. Health Net of Calif., Inc.*, 988 P.2d 940, 941 (Utah 1999)).

Here, Defendant argues Plaintiff failed to provide enough factual content to support a breach of the implied covenant of good faith and fair dealing, such as facts showing how Safeco failed to diligently investigate, or failed to fairly evaluate the claim, or failed to act promptly (ECF 17 at 12 (citing *Beck*, 701 P.2d at 801)). Indeed, review of the Complaint reveals that Plaintiff makes only conclusory allegations that Safeco "has not fairly, reasonably, diligently, or in good faith investigated or evaluated [Plaintiff's] claim" and that if Safeco had done so, it would have compensated him (ECF 2-1 ¶ 36). Plaintiff's bare allegation that his entitlement to compensation is self-evident is insufficient to support a claim for breach of the implied covenant. Plaintiff's disagreement with Safeco's valuation of his claim is also insufficient to demonstrate such a breach. Based on Plaintiff's own allegations, his claim that his bodily injury settlement of $25,000 was "insufficient to compensate [Plaintiff] for both his accident-related special and general damages" was fairly debatable where his medical expenses at that time were $19,505.82 (ECF 2-1 ¶¶ 16–18).

In his Response, Plaintiff lists alleged facts that support his implied-covenant claim, including an allegation that "Safeco denied the claim even though [Plaintiff's] medical bills at the time, on their own, nearly exceeded the tortfeasor's insurance coverage" (ECF 19 at 7). The court notes that this allegation is not found in the Complaint and appears to contradict the allegations in paragraphs 16 and 17 of the Complaint that his medical expenses were $19,505.82, which was clearly less than the $25,000 settlement (*see* ECF 2-1 ¶¶ 16–17). Plaintiff also makes allegations that the timing of Safeco's denials suggests a failure to act promptly, which are not asserted in the Complaint (ECF 19 at 8). Because the court is constrained to "the four corners" of the Complaint,

8

the court declines to consider allegations not found in the Complaint. *See Duran v. Colbert*, No. 2:16-CV-805 CW, 2023 WL 2742738, at *2 (D. Utah Mar. 31, 2023) (citing *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) ("The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true.")).

Defendant urges the court to dismiss this claim under *City of Orem v. Evanston Ins. Co.*, No. 2:16-cv-00425-JNP-PMW, 2017 WL 4877292 (D. Utah Oct. 27, 2017), where the court dismissed a similar implied-covenant claim where the plaintiff made only conclusory allegations in support of the claim. *See id.* at *3. Plaintiff resists dismissal by arguing the *City of Orem* case is factually distinguishable, and in any event, the dismissal in that case was without prejudice (ECF 19 at 11). The court agrees that the *City of Orem* case differs in that the plaintiff alleged that the insurer wrongfully relied on an Endorsement to deny coverage while Plaintiff case relies on the denial of coverage in itself. However, the court finds the reasoning in *City of Orem* to be applicable to the facts at hand where Plaintiff has failed to make any allegations that "plausibly suggest[] that [Safeco] acted in bad faith" and that finding otherwise "would be tantamount to holding that a plaintiff plausibly establishes that a defendant acted in bad faith whenever the plaintiff alleges that a denial of coverage was erroneous." *See City of Orem*, 2017 WL 4877292, at *3. Much like in *City of Orem*, the court finds that this is not a case where "the reason for the denial [is] so blatantly improper that a court can infer that the insurance company acted in bad faith," and there is nothing about Safeco's denial of Plaintiff's claim that "strikes the court as necessarily unreasonable." *See id.*

Because Plaintiff has therefore failed to allege sufficient facts to plead a plausible claim for breach of the implied covenant of good faith and fair dealing, the court GRANTS the Combined

Motion as to the request for dismissal of the Second Cause of Action. However, the court is not persuaded that amendment of this claim would be futile and therefore dismisses this claim without prejudice. *See id.*

### C. Motions to Stay

Defendant's Combined Motion also includes a Motion to Stay asking the court to stay this case pending arbitration (ECF 17 at 3). Relatedly, in the Discovery Motion (ECF 16), Defendant seeks a stay of discovery in this case pending resolution of the Combined Motion. In light of this ruling compelling arbitration of the First Cause of Action and dismissing all remaining claims, the court GRANTS the Combined Motion as to the request to stay this case pending arbitration and DENIES the Discovery Motion (ECF 16) as moot. This case is stayed pending the outcome of the arbitration. The parties are ordered to file status reports every 120 days updating the court as to whether the arbitration proceedings are complete, with the first report due on July 7, 2025.

### III.   CONCLUSION AND ORDER

In summary, IT IS HEREBY ORDERED that:

1. Defendant's Combined Motion (ECF 17) is GRANTED as follows:

    a. the Motion to Compel Arbitration is GRANTED as to Plaintiff's First Cause of Action for breach of contract under the UIM Statute;

    b. the Motion to Dismiss is GRANTED as follows:

        i. Plaintiff's Second Cause of Action for breach of the covenant of good faith and fair dealing is dismissed without prejudice;

        ii. Plaintiff's Third Cause of Action under the UIM Statute is dismissed with prejudice; and

    c. the Motion to Stay is GRANTED.

2. Defendant's Discovery Motion (ECF 16) is DENIED as moot.

IT IS SO ORDERED.

DATED this 6 March 2025.

                                                     Magistrate Judge Cecilia M. Romero
                                                   United States District Court for the District of Utah